IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIM S. KING, | ) | No. C 05-1856 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING** |
| | ) | **COMPLAINT WITH LEAVE TO** |
| v. | ) | **AMEND AND DENYING** |
| | ) | **WITHOUT PREJUDICE** |
| RODERICK HICKMAN, ARNOLD | ) | **MOTIONS TO PROCEED** *IN* |
| SCHWARZENEGGER, | ) | *FORMA PAUPERIS* |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket nos. 3, 4) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at Salinas Valley State Prison (SVSP), has filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Venue is proper in this district because the events complained of arose or occurred in Monterey County. 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

According to the allegations in the complaint, there exists at SVSP a gang of prison guards known as the "Green Wall," which is responsible for abusing and harming inmates, including Plaintiff. Citing an article from the Sacramento Bee newspaper, Plaintiff alleges that because of the "code of silence" amongst prison guards and officials throughout the Department of Corrections, the gang's activities continue to be covered up, without consequence. Plaintiff names as Defendants Roderick Hickman, the Director of the Department of Corrections, and Governor Schwarzenegger, whom he alleges are aware of the abuse and cover-ups but have not taken any action to remedy the situation.

He seeks injunctive relief, asking this Court to take over control of SVSP or to order the Defendants to investigate his allegations and to take action.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

Plaintiff alleges that Defendants have failed to act to protect his constitutional rights. Ordinarily, the Eleventh Amendment bars official-capacity suits against state officials such as Defendants. See Kentucky v. Graham, 472 U.S. 159, 169-70 (1985). However, a suit against state officials seeking prospective injunctive relief from unconstitutional state action is not barred. See id. at 167 n.14; Ex parte Young, 209 U.S. 123, 159-60 (1908). This principle generally is referred to as the Ex parte Young exception and is limited to prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. See Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997). Because Plaintiff seeks prospective injunctive relief from Defendants to remedy alleged constitutional violations, his suit is

2

not barred by the Eleventh Amendment.

However, Plaintiff has not alleged facts sufficient to state a claim upon which relief may be granted.  To state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question.  *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  The mere reference to a federal statute in a pleading will not convert a claim into a federal cause of action.  *Id.*  While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976).  And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Plaintiff asserts that "federal violations toward this plaintiff are numerous" and that he has been "denied the right to be free from cruel & unusual punishment, beaten, property thrown away, wittnessed [sic] many other federal violations to numerous other inmates as well."  Complaint at 3.  These assertions are conclusory, and are insufficient to state a claim for relief under § 1983.  Nor do they meet the pleading requirements of Rule 8.

Moreover, Plaintiff does not set forth specific facts to substantiate his assertions that he, personally, has suffered injury.  Rather, he asks the Court to take action based on a general atmosphere of alleged fear and abuse at SVSP.  This Court is one of limited jurisdiction, however, and can only decide matters where an individual plaintiff has standing.  The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "cases" and "controversies."  *See Valley Forge Christian College v. Americans United for*

*Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994); *see, e.g., Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir. 1996) (plaintiff who seeks only prospective injunctive relief has no standing to challenge statute on vagueness grounds because relief sought will not redress any past injury).  While Plaintiff complains of a general harm he has suffered as a result of the acts of rogue prison guards at SVSP, he does not point to any constitutionally cognizable cause of action for injury he has suffered personally which was caused by those guards directly and thus can be redressed by the named Defendants.  Thus, he has failed to establish that he has standing to bring this action.

Plaintiff might be able to state a claim upon which relief may be granted if he can in good faith allege facts, subject to proof, which clearly and succinctly identify the injury he suffered, or continues to suffer, personally as a result of the alleged actions of "Green Wall" prison guards; identify specifically and link to his allegations the responsible guards; and provide some support for his assertion that they are members of the "Green Wall" gang.  Without this basic information, the complaint cannot proceed.  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Leave to proceed *in forma pauperis* is DENIED without prejudice.  (Docket nos. 3, 4.)  If Plaintiff files an amended complaint which complies with this order the

1  Court will review the *in forma pauperis* application anew.

2      2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

3  discussed above.  Plaintiff shall file an amended complaint within ***thirty days from the***

4  ***date of this order***.  The amendment must include the caption and civil case number used

5  in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the

6  first page.  Plaintiff's failure to amend or to notify the Court of his intent not to do so

7  within thirty days will result in the dismissal of the complaint without prejudice and

8  without further leave to amend.

9      3. Plaintiff is advised that an amended complaint supersedes the original

10  complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint

11  which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

12  F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no

13  longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

14  506 U.S. 915 (1992).

15      4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

16  Court informed of any change of address and must comply with the Court's orders in a

17  timely fashion.  Failure to do so may result in the dismissal of this action under Federal

18  Rule of Civil Procedure 41(b).

19      IT IS SO ORDERED.

20  DATED: December 23, 2005

21  _____

22      JEFFREY S. WHITE
       United States District Judge

23

24

25

26

27

28                        5